

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711
August 13, 1963

WAGGONER CARR
ATTORNEY GENERAL

*affirms* S-218

Col. Homer Garrison, Jr.
Director
Texas Department of Public
   Safety
Austin, Texas

Opinion No. C-126

Re: Interpretation of Sec. 1c, Acts
    58th Leg., Chap. 359, p. 929
    (Art. 911b, Sec. 1c, VCS) as to
    the regulation of the transpor-
    tation of pipe for the string-
    ing of pipe for pipelines;
    whether transportation of water,
    drilling mud, petroleum and pe-
    troleum products in bulk is
    regulated; whether the term
    water includes salt water; and
    whether drilling mud in sacks
    or petroleum and petroleum pro-
    ducts in cans or barrels is
    considered "in bulk?"

Dear Col. Garrison:

You have recently requested an opinion of this office
on the following questions:

"1. Does paragraph 2, Section 1c, House
Bill 31, Acts of the 58th Legislature exclude
vehicles used exclusively in the stringing of
pipe for pipelines from the provisions of
Section 1c?

"2. If your answer to the above question
indicates that paragraph 2, Section 1c, House
Bill 31, 58th Legislature, excludes such ve-
hicles unless a highway between two (2) or more
incorporated cities, towns or villages is tra-
versed, would the exemptions provided for in
paragraph 3, Section 1c, House Bill 31, 58th
Legislature, be applicable to such vehicles?

"3. Are we correct in our interpretation
that paragraph 2, Section 1c, House Bill 31,
58th Legislature, excludes the transportation
of water, drilling mud, petroleum and petrole-
um products when such substances are transport-
ed in bulk and in tank trucks for use in servic-
ing oil and gas wells provided a highway between

two (2) or more incorporated cities, towns or villages is not traversed?

"4. Does the term 'water' as used in paragraph 2, Section 1c, House Bill 31, 58th Legislature, include 'salt water' which is frequently transported from oil and gas wells to a suitable place for disposal as a part of the servicing of such wells?

"5. Are we correct in our interpretation that exclusions provided for in paragraph 2, Section 1c, House Bill 31, 58th Legislature would not be applicable to the transportation of drilling mud in sacks or petroleum and petroleum products in cans or barrels?"

Section 1 of Acts 1963, Chapter 359, Page 929 (House Bill 31) provides as follows:

"Section 1. Chapter 314, General Laws, Forty-first Legislature, Regular Session, as heretofore amended (now codified as Article 911b, Vernon's Texas Civil Statutes), is amended hereby, by the addition of a new Section thereto, reading and numbered as follows:

"'Sec. 1c. The terms 'Motor Carrier' and 'Specialized Motor Carrier,' as used in Section 1 of this Act, shall apply to and include all for hire transportation of oil field equipment, as defined in subdivision (1) of Section 1 of this Act, over the public highways of this State outside the corporate limits of cities or towns, irrespective of whether in the course of such transportation a highway between two (2) or more incorporated cities, towns or villages is traversed.

"'The provisions of this Section 1c shall not apply to or include vehicles used exclusively in the stringing of pipe for pipelines, nor shall this Section 1c apply to or include the transportation of water, drilling mud, petroleum and petroleum products in bulk, in tank trucks, when such substances are used in connection with the servicing of oil and gas wells, unless in

the course of such transportation a highway be-
tween two (2) or more incorporated cities, towns
or villages is traversed.

"'Nothing in this Section 1c shall in any-
wise repeal, alter, amend or affect any of the
provisions of Chapter 290, Acts, Regular Session,
Forty-seventh Legislature (being Sections 1a and
1b of this Act and now codified as Sections 1a
and 1b of Article 911b, Vernon's Texas Civil
Statutes).'"

Oil field equipment is defined in Acts 1961, 57th Legis-
lature, Chapter 295, Page 629 (Article 911b, Section 1(i),
Vernon's Civil Statutes).

House Bill 31 specifically provides that Sections 1a and
1b of Article 911b, Vernon's Civil Statutes, shall not be repeal-
ed, altered, amended or affected by it. So far as your request
is concerned, Section 1a(1)(a) of Article 911b lists transpor-
tation which is not included in the definition of motor carrier
and contract carrier.

In your first question you ask whether paragraph 2,
Section 1c of House Bill 31 excludes vehicles used exclusive-
ly in the stringing of pipe for pipelines. As set out above,
the second paragraph of Section 1c provides:

"The provisions of this Section 1c shall
not apply to or include vehicles used exclusive-
ly in the stringing of pipe for pipelines. . . ."

We therefore answer your question in the affirmative. Para-
graph 2, Section 1c, House Bill 31, Acts 58th Legislature, ex-
cludes vehicles used in the stringing of pipes for pipelines
from its provisions. This means that vehicles used in the
stringing of pipelines are subject to regulation under the
definition of motor carrier and contract carrier in Article
911b the same as if Section 1c had never been passed.

We interpret your second question to ask whether the
exemptions provided in Sections 1a and 1b of Article 911b are
applicable to such vehicles. We point out that the language
of Section 1a(1)(a) exempts from the provisions of the Motor
Carrier Act persons having a regular, separate, fixed and
established place of business, other than a transportation
business, where goods, wares and merchandise are kept in

stock and are primarily and regularly bought from the public or sold to the public or manufactured or processed by such person in the ordinary course of the mercantile, manufacturing, or processing business, and who, merely incidental to the operation of such business, transports over the highways of this State such goods of which such person is the bona fide owner by means of a motor vehicle of which such person is the bona fide owner.

As your first question concerned vehicles used exclusively in the stringing of pipelines, we are concerned only with that type of transportation in answering this question. From your letter it is not clear whether the pipeline contractor owns the pipe and contracts for a "turnkey job" supplying pipe as part of the contract or whether the pipeline contractor contracts to build a pipeline furnishing everything incident in the laying of the pipeline except the pipe itself as was the situation set out in Attorney General's Opinion S-218. In that opinion it was held that the transportation of the pipe to the job site from the railhead did not fall within the exemption set out in Section la(1)(a) and that the transportation furnished is in the nature of a contract carrier service and subject to regulation. Therefore, as we have held in answering your first question that the situation insofar as vehicles used exclusively in the stringing of pipeline is the same as it was prior to the enactment of Section 1c, the transportation would be regulated as is pointed out in Opinion S-218, a copy of which is attached hereto. However, if the pipeline stringing contractor contracts to furnish the pipe as a part of the cost of the job, he would have to purchase and own the pipe and, if he owned the truck used in stringing the pipe, he would come within the exemptions set out in Section la(1)(a) as it is our opinion that he would be "manufacturing" the pipeline.

We concur with your interpretation that Section 1c excludes the transportation of water, drilling mud, petroleum and petroleum products in bulk, in tank trucks, when such substances are used in connection with the servicing of oil and gas wells unless in the course of such transportation a highway between two (2) or more incorporated cities, towns or villages is traversed. The language of the statute is unambiguous on this point.

In your fourth question you ask whether "water" includes "salt water." The Legislature placed no adjective in the statute to modify water. The term "water" is used in its ordinary sense and includes salt water.

Section lc excludes from its provisions "drilling mud, petroleum and petroleum products in bulk, in tank trucks, when such substances are used in connection with the servicing of oil and gas wells. . . ." The term "in bulk" is defined as "merchandise which is neither counted, weighed, nor measured." Texas and P. Ry. Co. v. Gate City Fertilizer Co., 176 S.W. 868, 869 (Tex.Civ.App. 1915). In that case the court held that a load of fertilizer:

". . .was not loaded in bulk since it was counted, weighed, and measured, in that the bill of lading recited 260 bags weighing 26,000 pounds . . . ."

We, therefore, agree with your interpretation of Section lc that drilling mud in sacks or petroleum and petroleum products in cans or barrels are not excluded. The transportation of these items would therefore be subject to regulation.

### S U M M A R Y

Paragraph 2, Section lc, House Bill 31, Acts 58th Legislature, excludes vehicles used exclusively in the stringing of pipe for pipelines from the provisions of Section lc, but are subject to regulations under the definitions of a common carrier or contract carrier by virtue of its provisions of Article 911b, V.C.S.

A pipe stringing contractor contracting to string pipe where the pipe is furnished by the Pipeline Company and not by the contractor is subject to the provisions of Article 911b as set out in Attorney General's Opinion S-218. Where the pipe is furnished by the contractor under the terms of the contract the transportation of the pipe does not fall within the terms of Article 911b as regulated transportation.

Transportation of water, drilling mud, petroleum and petroleum products in bulk, in tank trucks, for use in servicing oil and gas wells is not regulated under the terms of Article 911b as amended by Section lc, Acts 58th Legislature, Chapter 359 (House Bill 31) unless transported for hire between two or more incorporated cities, towns or villages.

The term water as used in Section 1c, Acts 58th Legislature, Chapter 359 (House Bill 31) includes salt water.

Drilling mud in sacks and petroleum and petroleum products in cans or barrels are not considered to be transported "in bulk" as that term is used in Section 1c, Acts 58th Legislature, Chapter 359 (House Bill 31).

Yours very truly,

WAGGONER CARR
Attorney General of Texas

BY _Norman V. Suarez_
Norman V. Suarez
Assistant Attorney General

NVS:nss:br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Edward R. Moffett
Robert Richards
W. O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone